JOHN FIELDS *v.* THE STATE.

1. CONTINUANCE. — An application for a continuance on account of absent witnesses, even if it shows that the process was sued out in ample time, does not show diligence if it fails to show that it was placed in the hands of an officer in ample time.

2. SAME. — This court repeats its former suggestion (1 Texas Ct. App. 452) that "the better practice, in order to establish such diligence beyond controversy, and certainly the most satisfactory, would be to make the process itself, if returned, a part of the application, as an exhibit."

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. J. MASTERSON, judge of Twenty-first Judicial District.

The appellant was indicted for rape upon the body of Catherine Keyser, committed in Harris County, on April 10, 1878. He was convicted on the 25th day of October of the same year, and adjudged to death by hanging.

Mrs. Catherine Keyser, testifying for the State, said that she is a widow, forty-one years old. On May 17, 1878, her water at home having given out, and wishing to do some washing, she took her six-year-old daughter, and started down the railroad to see if some ponds of water could not be found from which a supply could be obtained. After walking some distance they found some water, and started back home, intending to return for water after dinner. They tarried on the way picking blackberries, and on looking up, saw appellant, some fifty yards off, coming towards her. Witness felt uneasy and started on, but stopping along to pick berries. Appellant caught up with witness and her daughter, and, saying he was hungry, commenced picking berries also. He then said to witness that he was going to make some money, to which witness made no reply. He then asked witness who it was cutting wood down the road, to which witness replied that they were a " couple of colored men." The parties were not near enough to see the men, but could see their axes, and sometimes their heads. Witness passed them going to the pond, and knows they were colored men. Appellant passed on ahead a short distance, and then turned and came back, grabbed witness around the neck, threw her to the ground, pulled up her clothes, and got on her. Witness screamed once, when appellant choked her with both hands, so that she could scream no more. The child, who was some distance behind, then ran up to beg, and screamed, when appellant grappled her throat with one hand, and also threw her to the ground, choking her to keep her from screaming. Appellant was insensible to all appeals, and proceeded to the perpetration of his design, penetrating the person of witness with his male

member. Witness was helpless from fright; had her jaw dislocated, and her neck badly scratched by appellant. Appellant left witness after accomplishing his purpose, and presently witness's son came up, and witness told him about appellant's choking her. Witness told her neighbors about it. Told Mr. and Mrs. George Schuber, and Mr. Minter. Went to Mr. Minter's house that same evening, and told him about it, and went to the magistrate's office that same week to have appellant looked for. Had never seen appellant before this occurred, to her knowledge. Recognized him now by his every feature, the movements of his head, and cannot be mistaken. The first time witness saw him afterwards, she identified him from among other colored persons, and she was so affected that she had the officer take him from her sight. Witness was completely at the mercy of appellant, who is a grown-up man. All of this happened in Harris County, Texas.

Frank Y. Keyser, for the State, testified that he is fifteen years old, and the son of the last witness. On the day of this outrage he was in the woods, hunting his horse, when he heard his little sister scream, but thought she must only be playing with her little dog, and that the dog probably was jumping up on her. Witness went on, when suddenly he saw appellant coming along, with a club in his hand. Appellant told witness he would kill him if he (witness) bothered him (appellant). Witness then ran out of the woods and found his mother, who told him that a negro man had thrown her down and choked her. Knows appellant is the same man.

Joseph Minter, for the State, testified that he lives about one-half mile from Mrs. Keyser, who told him of the outrage the day that it occurred.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J.    John Fields, the appellant in this case, was
indicted in the Criminal District Court of Harris County,
on June 20, 1878, for rape, alleged to have been committed
by him upon "the body of one Catherine Keyser, a female,"
on April 10, 1878.    The trial from which this appeal is
prosecuted was had on October 25, 1878, and resulted in
his conviction, with his punishment assessed at death by
hanging.

Notwithstanding the serious nature of the case for appel-
lant, as here presented, there is no appearance of coun-
sel for him, though he seems to have been well defended in
the court below.   This fact has only conduced to add to
the responsibility which, as a court of last resort, we feel
in cases involving the life of a human being.    Fully alive
to a sense of this responsibility, we have searched the record
before us with unusual care, and we find as the result of our
investigations that there is really but one question on this
appeal, and that is the refusal of the court to grant defend-
ant's application for a continuance.

It will be noted that the indictment was found June 20th,
The application for a continuance was made October 25th.
The application is in these words :  " Now comes the defend-
ant, John Fields, at this term of this court, and moves
the court to grant him a continuance until next term,
because, he says, he cannot safely go to trial for the want
of the testimony of Peter Mosley, who *are residents* of
Harris County, whose testimony is material to his defence.
That he caused, on the 10th day of October, a subpœna
directed to the sheriff of Harris County to issue for him,
and which said subpœna was by the sheriff of said county
returned on the 25th day of October, 1878, ' not found ; '
and that thereupon he had an attachment issued, directed
to the sheriff of Harris County, for said witness, which
was by him returned on the same day by said sheriff ' not
executed ; ' and that he expects to prove by said witness

that on the 17th day of May, the time said offence is alleged to have been committed by him, that he was in company with said witness all day that day, and that he could not have committed said offence without his seeing him, and that he will swear that he did not commit said act. That said witness is not absent by the procurement or consent of the defendant, and that this application for a continuance is not made for delay." This motion was properly signed and sworn to by defendant.

In certifying the bill of exceptions granted to the overruling of the motion, the district judge adds a memorandum, in these words: " The affidavit does not disclose when the subpœna was placed in the sheriff's hands; for anything appearing, it might have been or was placed in said officer's hands on same day it was by him returned not found, *i. e.*, 25th October. The party having been once before tried, in the opinion of the court no sufficient diligence is shown by the affidavit." We concur in the correctness of this view of the court with regard to the showing of diligence. If the subpœna was placed in the hands of the officer on October 10th, that fact should have been made to appear. In all cases the date of its going into the hands of the officer can or should be shown by the indorsement upon the process itself, where it has been returned. As was said in *Buie* v. *The State*, 1 Texas Ct. App. 452, " the better practice, in order to establish such diligence beyond controversy, and certainly the most satisfactory, would be to make the process itself, if returned, a part of the application, as an exhibit." See also *Murray* v. *The State*, 1 Texas Ct. App. 417; *Cantu* v. *The State*, 1 Texas Ct. App. 402; *Grant* v. *The State*, 2 Texas Ct. App. 163; *Summerlin* v. *The State*, 3 Texas Ct. App. 444; *Bowen* v. *The State*, 3 Texas Ct. App. 617; *Johnson* v. *The State*, 4 Texas Ct. App. 268.

In the five months which elapsed from the finding of the

indictment to the date of the trial, and especially where the party had once before been tried during that time, it does appear to us that defendant should have been able to have made a more certain statement of the diligence used by him ; to say the least of it, he should have shown that his process went into the hands of the proper officer before the day of trial.

.We believe defendant has had a fair and impartial trial, and that he has been legally convicted of one of the most heinous crimes known to our law. That he is guilty as found by the jury, the evidence as before us abundantly shows. If guilty, that his punishment may be affixed at death is, we think, a wise provision of the law in such cases. We see no error, and the judgment is affirmed.

*Affirmed.*